**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DEVON K. BATES,

    Petitioner,                Case No. 2:18-CV-10858
v.                                 HONORABLE DENISE PAGE HOOD
                                   CHIEF UNITED STATES DISTRICT JUDGE

SHERMAN CAMPBELL,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Devon K. Bates, ("Petitioner"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction and sentence for second-degree murder, M.C.L.A. § 750.317.

Respondent filed an answer to the petition alleging that the claims are meritless. For the reasons that follow, the petition for a writ of habeas corpus is DENIED.

**I. Background**

Petitioner was convicted of a homicide which occurred on March 5,

2015. Valerie Bates, petitioner's mother, testified that her son and the decedent, Nina Langston, came to her home on March 4th, spoke with her for approximately 35 minutes, watched television together until 10:30 p.m., and then went up to petitioner's bedroom. At 1:00 a.m., on the morning of March 5th, petitioner and Nina woke Valerie and told her that they were going to a store. When petitioner returned home at 1:30 that morning, the door was locked, so he knocked on the backdoor to wake Valerie. Valerie opened the door. When petitioner entered, she noticed that he was covered in blood, had deep claw marks on his face, was holding Nina's purse, while going through it with one hand looking for a "money card." Petitioner also had a black handled paring knife that he carried in his pocket for protection. When he pulled it out to show Valerie, she saw that the knife was covered in blood and "it was bent over." Valerie recognized Nina's purse and asked where was Nina. Petitioner told Valerie that he "stabbed her to death, she set [him] up." Valerie then went to her room and called 911. (P.E. 6/3/2015, pp. 15-21, T. 2/3/2016, pp. 115-126, 130).

The jury found petitioner not guilty of first-degree murder and armed robbery, but convicted him of second-degree murder. He was sentenced as a fourth-felony habitual offender, Mich. Comp. Laws § 769.12, and is

2

currently serving a sentence of 60 – 90 years.

Petitioner's conviction was affirmed on appeal. *People v. Bates,* No. 332356, 2017 WL 3614209 (Mich. Ct. App. Aug. 22, 2017), *lv. den,* 501 Mich. 978, 906 N.W.2d 781 (2018).

Petitioner seeks a writ of habeas corpus on the following ground:

Defendant['s] trial counsel was ineffective for failing to file appropriate pretrial motions and preserve three issues and request remand to the trial court for a criminal responsibility evaluation.

> A. Trial counsel did not file motions and assert his client's right to a speedy trial.
>
> B. Defendant's attorney requested a forensic examination for competency purposes, but did not appeal when the Court found Mr. Bates competent to stand trial before the preliminary examination.
>
> C. Counsel did not ask for and (sic) independent forensic examination, and counsel did not ask for a separate forensic examination to determine whether or not Mr. Bates could be held criminally responsible for this crime.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person

3

> in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral

4

review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Habeas relief is not appropriate unless each

ground which supported the state court's decision is examined and found to be unreasonable under the AEDPA. *See Wetzel v. Lambert*, 132 S. Ct. 1195, 1199 (2012).

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 562 U.S. at 102. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well

6

understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. Finally, in reviewing petitioner's claims, this Court must remember that under the federal constitution, petitioner was "entitled to a fair trial but not a perfect one." *Lutwak v. United States,* 344 U.S. 604, 619 (1953). A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III. Discussion

Petitioner alleges that his trial counsel was ineffective by failing to file a motion asserting his client's right to a speedy trial, by failing to appeal the trial court's finding that petitioner was competent to stand trial following a forensic examination for competency purposes, and for failing to ask for an independent forensic examination to determine whether petitioner could be held criminally responsible for the charged offense.

A defendant is required to satisfy a two prong test to establish the denial of the effective assistance of counsel. First, the defendant must show that counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment.

7

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant must overcome a strong presumption that counsel's behavior was within the wide range of reasonable professional assistance. *Id*. Stated differently, the defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

On habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The

pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Petitioner alleges that trial counsel was ineffective for failing to file a motion asserting his client's right to a speedy trial.

The Sixth Amendment guarantees a criminal defendant the right to a speedy trial. U.S. Const. Amend. VI. To determine whether a speedy trial violation has occurred, the court must consider the following four factors:

9

(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his speedy trial right, and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). No single factor is determinative, rather a court must weigh them and engage in a "difficult and sensitive balancing process" to determine whether a constitutional violation has occurred. 407 U.S. at 533. The right to a speedy trial "is 'amorphous,' 'slippery,' and 'necessarily relative.'" *Vermont v. Brillon,* 556 U.S. 81, 89 (2009)(quoting *Barker*, 407 U.S., at 522)(quoting *Beavers v. Haubert*, 198 U.S. 77, 87 (1905)).

The length of delay is a "triggering factor" because "until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker,* 407 U.S. at 530. Therefore, to trigger a speedy trial analysis, the accused must allege that the interval between the accusation and the trial has crossed the threshold dividing ordinary from presumptively prejudicial delay. *Doggett v. United States,* 505 U.S. 647, 651-52 (1992). Courts have generally found postaccusation delays that approach one year to be "presumptively prejudicial". *Id.* 505 U.S. at 652, n. 1; *United States v. Brown,* 90 F. Supp. 2d 841, 846 (E.D. Mich. 2000).

A ten month delay between arrest and trial is not presumptively prejudicial. *See United States v. Gerald,* 5 F.3d 563, 566 (D.C. Cir.1993); *see also Norris v. Schotten,* 146 F.3d 314, 328 (6th Cir. 1998)(prejudice could not be presumed for purposes of habeas petitioner's speedy trial claim where the delay was less than one year). Moreover, two months of the delay of petitioner's trial was because he was being evaluated for competency. Any delays caused by the filing of a motion by the defense requesting a delay are attributable to the defense, for purposes of a speedy trial analysis. *See Norris,* 146 F.3d at 327; *see also United States v. Davis*, 365 F.2d 251, 255 (6th Cir. 1966)(a defendant cannot complain of denial of constitutional right to speedy trial because of his confinement in federal mental institution for purpose of determining his competency to stand trial).

The Michigan Court of Appeals found that the delay from arrest to petitioner's trial consisted of a 10 month delay, with 2 of the months attributed to petitioner's request for the competency evaluation. The Court further found that petitioner failed to offer proof of how his mental health was harmed by the 10 month delay, and that prejudice could not be assumed because the trial occurred within 18 months from the time of his

arrest. *Bates*, 2017 WL 3614209, at *2. Petitioner was not denied his right to a speedy trial.

Because petitioner was not denied his right to a speedy trial, trial counsel was not ineffective for failing to move for dismissal of the charges on speedy trial grounds. Defense counsel cannot be said to be ineffective for failing to bring a speedy trial motion that is meritless, *see Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 750 (E.D. Mich. 2005). Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim pertaining to his right to a speedy trial.

Petitioner further argues that he should have been brought to stand trial within 180 days.

The Michigan statutory provision, Mich. Comp. Laws § 780.131, requires prisoners (but not parolees) to stand trial within 180 days. *People v. Sanders*, 130 Mich. App. 246, 251, 343 N.W.2d 513, 516 (1983)("We find that in the parole context the 180-day rule applies only where a person is assigned to a state correctional facility on preparole status."). Petitioner was not a prisoner at the time he was arrested and therefore not subject to that statute. Furthermore, the 180-day rule is a state law guarantee separate from the constitutional right of a speedy trial. *See*

*People v. Rivera*, 301 Mich. App. 188, 193, 835 N.W.2d 464, 467 (2013)("Aside from the 180–day rule," the right to a speedy trial is guaranteed by "[T]he United States and Michigan Constitutions, [] without reference to a fixed number of days." *Id.* at 467.). Petitioner had no constitutional right to be brought to stand trial within 180 days of his arrest. As a result, petitioner's claim that trial counsel was ineffective by failing to move for dismissal based upon this right to a speedy trial and due to a violation of the 180 day rule is without merit. *Shanks v. Wolfenbarger*, 387 F. Supp. 2d at 750.

Petitioner alleges that trial counsel was ineffective by failing to request a second competency hearing.

The Supreme Court has repeatedly held that "the criminal trial of an incompetent defendant violates due process." *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996)(citing *Medina v. California*, 505 U.S. 437, 453 (1992); *Drope v. Missouri*, 420 U.S. 162, 171-172 (1975); *Pate v. Robinson*, 383 U.S. 375, 378(1966)). A defendant may not be put to trial unless he has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as a factual understanding of the proceedings against him. *Id.* "An attorney has

13

a professional duty to question a defendant's competency to stand trial if they have a good faith doubt as to the defendant's competence." *Watkins v. Haas,* 143 F. Supp. 3d 632, 641 (E.D. Mich. 2015); *rev'd on other grds sub nom Watkins v. Deangelo-Kipp,* 854 F.3d 846 (6th Cir. 2017)(citing *United States v. Jackson*, 179 F. App'x 921, 933 (6th Cir. 2006)(unpublished)). Moreover, "A criminal defense lawyer has a continuing duty to request a competency evaluation of a criminal defendant if he becomes became aware of facts that raise a doubt as to the competency of a defendant during any stage of the criminal proceedings." *Id.* (citing *Williamson v. Ward*, 110 F.3d 1508, 1517-18 (10th Cir. 1997)).

In the present case, petitioner's attorney requested a competency evaluation. After a three (3) hour examination and multiple psychological tests, the forensic examiner determined that petitioner was competent to stand trial. The evaluation examined petitioner physical and mental health extensively, including mental deficits related to a gunshot wound to the head. Records were also requested from the Genesee County Jail, Dorothea Carlis, M.D., Nael Taraji, M.D. and Consumer Services, Inc. Although not received by the time of the examination, the examiner

14

determined that the reports were not critical to forming an opinion about competency. Furthermore, in the report, petitioner denied alcohol and substance abuse. There is nothing in the trial record to show that petitioner would have benefitted from a second evaluation. In fact, the report extensively delineated the issues that petitioner sought to utilize in his defense. Counsel could reasonably have believed that a secondary evaluation may not have assisted, or perhaps could have undermined, petitioner's defense. Under the circumstances, counsel was not ineffective for failing to request an additional competency evaluation or for stipulating to the competency report. *Compare Watkins v. Haas*, 143 F. Supp. 3d at 643.

Petitioner alleges that trial counsel was ineffective by failing to raise an insanity defense.

Petitioner is not entitled to habeas relief on this claim for several reasons.

First, petitioner's claim is without merit because he failed to present any evidence, either to the state courts, or to this Court, that he was legally insane at the time of the crime. *See e.g. Sneed v. Johnson,* 600 F.3d 607, 611 (6th Cir. 2010). More specifically, in light of the fact that

petitioner has failed to show that he has an expert who would testify that he was legally insane at the time of the offenses, counsel's failure to raise an insanity defense was not prejudicial to petitioner. *See Abdur'Rahman v. Bell,* 226 F.3d 696, 715 (6thCir. 2000).

Finally, as one court has noted: "[t]here is considerable empirical evidence that insanity pleas in and of themselves are not received favorably by jurors." *Weekley v. Jones*, 76 F.3d 1459, 1463 (8th Cir. 1996)(citing C. Boehnert, Characteristics of Successful and Unsuccessful Insanity Pleas, 13 Law and Human Behavior 31, 34, 36-37 (1989)). Since insanity or mental defenses are rarely successful, it would not have been unreasonable for counsel, at least under the facts of this case, to forego such a defense for a stronger defense theory. *See e.g. Silva v. Woodford,* 279 F.3d 825, 851 (9th Cir. 2002); *see also Sneed,* 600 F.3d at 611 (counsel not ineffective in failing to present insanity defense where "public's widespread skepticism of the insanity defense at the time of Sneed's trial in 1986 (circa the John Hinkley trial), indicate that this was not an attractive defense"). Trial Counsel was not ineffective by failing to raise an insanity defense. Because petitioner's claims are meritless, petitioner is not entitled to habeas relief on his ineffective assistance of

counsel claims.

## IV. Conclusion

For the reasons discussed, the petition for a writ of habeas corpus is denied.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

This Court denies a certificate of appealability because reasonable jurists would not find this Court's assessment of the claims to be debatable

or wrong. *See Slack v. McDaniel*, 529 U.S. at 484. Petitioner may, however, proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that the petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

s/Denise Page Hood
**HON. DENISE PAGE HOOD**
**Dated: February 12, 2019   CHIEF UNITED STATES DISTRICT JUDGE**